**Jeffrey Malfredo LOPEZ MILIAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70364.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.[*]

Filed March 30, 2009.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** [**]

Jeffrey Malfredo Lopez Milian, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lim v. INS,* 224 F.3d 929, 933 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's determination that Lopez Milian failed to establish past persecution because the threats he received did not rise to the level of persecution. *See id.* at 936. Substantial evidence further supports the IJ's denial of past persecution and her denial of a well-founded fear of future persecution based on the IJ's finding that Lopez Milian failed to establish that gang members threatened him on account of a protected ground, *see Santos–Lemus v. Mukasey,* 542 F.3d 738, 744–47 (9th Cir.2008), and based on her finding that Lopez Milian failed to establish the Guatemalan government was unwilling or unable to control gang activity, *see Castro–Perez v. Gonzales,* 409 F.3d 1069, 1071–72 (9th Cir. 2005). Accordingly, his asylum claim fails.

Because Lopez Milian failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1072.

Substantial evidence also supports the IJ's denial of Lopez Milian's CAT claim

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because he failed to establish that it is more likely than not that he will be tortured if he returns to Guatemala. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

Finally, Lopez Milian's contention that the BIA violated due process when it affirmed the IJ's decision without opinion is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.